284 N.J. Super. 629 (1995)
666 A.2d 186
NANCY PAWLICK, PLAINTIFF,
v.
THE NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITING ASSOCIATION AS SERVED BY ALLSTATE INSURANCE COMPANY, DEFENDANTS/THIRD PARTY PLAINTIFF. PROGRESSIVE INSURANCE COMPANY, DEFENDANT/APPELLANT,
v.
FIDELCOR SERVICES, INC., THIRD-PARTY DEFENDANT AND FOURTH PARTY PLAINTIFF/APPELLANT,
v.
MOTOR CLUB OF AMERICA INS. CO., FOURTH PARTY DEFENDANT/RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1995.
Decided October 30, 1995.
*631 Before Judges PRESSLER, KEEFE and ARIEL A. RODRIGUEZ.
Ronald H. Schachman argued the cause for appellant Fidelcor Services, Inc. and Progressive Insurance Company (Wasserman & Schachman, attorneys).
Alan H. Bernstein argued the cause for respondent Motor Club of America Ins. Co. (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Mr. Bernstein, of counsel; Melissa E. Flax, on the brief).
Tony LaRocca argued the cause for injured plaintiff Nancy Pawlick (Fano & LaRocca, attorneys; Nicholas J. Fano, on the brief).
The opinion of the court was delivered by KEEFE, J.A.D.
Defendant Progressive Insurance Company ("Progressive") and fourth party plaintiff Fidelcor Services Inc., ("Fidelcor") appeal from the entry of summary judgment in favor of fourth party defendant Motorclub of America Insurance Co., ("MCA"). The summary judgment determined that MCA was not obligated to furnish coverage to the lessee of an automobile owned by Fidelcor in an underlying automobile liability suit. The effect of that *632 decision was to require Progressive to furnish coverage to the lessee. The dispute on appeal is essentially between two insurance companies, Progressive and MCA.[1] Progressive contends that MCA's cancellation of its policy covering the lessee was invalid. Alternatively, Progressive contends that the Law Division judge misconstrued the language of an endorsement in the MCA policy naming Fidelcor as an additional insured, as well as the public policy of this State with respect to omnibus clause coverage. We disagree and affirm.
The essential facts necessary to frame the issues on appeal are as follows. Louise Provence leased an automobile through a dealer. The lease was assigned to Fidelcor who also became the title owner of the vehicle. The lease required Provence to obtain liability insurance naming herself as "the insured and Fidelcor Services Inc., as lessor, as an additional insured and loss-payee." Provence obtained the necessary insurance from MCA. The MCA policy provided primary indemnity coverage for the leased vehicle and contained an endorsement naming Fidelcor as an "additional insured". Pursuant to N.J.S.A. 45:21-3, Fidelcor obtained a lessor's liability policy issued by Progressive. The Progressive policy insured Fidelcor and any lessee of Fidelcor's vehicles.
On September 22, 1989, MCA sent a notice of cancellation to Provence for failure to pay premiums. The cancellation was to take effect on October 8, 1989. MCA neglected to send notice of cancellation to Fidelcor.
On October 10, 1989, the leased vehicle operated by Provence was involved in an accident with plaintiff Nancy Pawlick. Thereafter, Pawlick filed an action against Provence and Fidelcor for personal injuries resulting from the accident. Provence filed an answer and counterclaim through her personal counsel. Fidelcor *633 answered the complaint through counsel designated by MCA. Fidelcor then moved for summary judgment on the ground that Provence was not operating its vehicle as an agent, servant or employee of Fidelcor. Summary judgment was granted in favor of Fidelcor.
Pawlick then instituted this suit against the New Jersey Automobile Full Insurance Underwriting Association ("JUA"), seeking uninsured motorist benefits from her own policy serviced by Allstate Insurance Company. JUA then filed a third party complaint against Fidelcor seeking a declaration that Fidelcor was required to provide coverage for Provence pursuant to N.J.S.A. 45:21-3. Fidelcor in turn filed a fourth party complaint against MCA seeking a declaration that MCA was the insurer of the vehicle operated by Provence. Subsequently, Pawlick amended her complaint to add Progressive as a defendant.
MCA filed a motion for summary judgment, contending that it was not obligated to furnish coverage to Provence in view of its cancellation. The Law Division judge advised the parties that he would treat the scheduled summary judgment hearing as though cross motions for summary judgment were made by JUA, Fidelcor, and Progressive. JUA was granted summary judgment on the ground that Provence was entitled to coverage either under the MCA policy or the Progressive policy. As such, Pawlick was found not qualified to receive uninsured motorist benefits under the JUA policy. There is no appeal from that determination.
In the final judgment from which this appeal is taken, the Law Division judge held that: 1) MCA validly canceled its policy covering Provence; 2) Fidelcor, however, remained covered under the MCA policy as an additional insured; 3) Fidelcor's coverage, as an additional insured, was restricted to the terms of the endorsement and did not enable Fidelcor to create coverage for Provence as a permissive user of the leased vehicle; and 4) the Progressive policy specifically provided coverage to Provence as a lessee of the vehicle and was the only coverage available to her.

*634 I
Progressive presents two separate arguments with respect to the cancellation issue. First, it contends that MCA did not comply with the procedural requirements of N.J.S.A. 17:29C-10 as to Provence, and, secondly, that failure to give notice to Fidelcor as the "additional insured" rendered the cancellation as to Provence ineffective. The trial court opinion does not specifically address these arguments. However, we hold that it correctly concluded that MCA validly canceled Provence's coverage.
The provisions of N.J.S.A. 17:29C-10 are designed to insure that named insureds receive appropriate notice of cancellation. Subsequent to the 1980 amendment to the statute, an insurer could obtain summary judgment as a matter of law on that issue if the insurer could show strict compliance with the statutory requirements. Celino v. General Acc. Ins., 211 N.J. Super. 538, 542-43, 512 A.2d 496 (App.Div. 1986). An insurer's proof of compliance with the requirements of the statute is necessary "in the face of an insured's denial of receipt ..." of the notice of cancellation. Id. at 542, 512 A.2d 496. However, where the insured has not denied receipt of the cancellation notice, strict compliance with the statute is not required unless the insured can show that prejudice resulted from the insurer's noncompliance. Lilly v. Allstate Ins. Co., 218 N.J. Super. 313, 325, 527 A.2d 903 (App.Div. 1987). There is no allegation in this record that Provence failed to receive MCA's notice of cancellation. Thus, we find it unnecessary to decide whether MCA's documentation of its cancellation mailing methods satisfied the strict requirements of the statute.
Progressive next contends that, even if MCA validly notified Provence, the cancellation was ineffective because MCA failed to notify Fidelcor. Clearly, the policy required that Fidelcor be notified. The question is whether that failure benefits Provence, or only results in a conclusion that Fidelcor remained an MCA insured under the policy.
*635 As discussed earlier, N.J.S.A. 17:29C-10 sets forth the requirements for notification of cancellation. The section speaks in terms of notifying the "insured" which, in the regulation pertaining to the statute, more specifically defines that term as the "named insured." N.J.A.C. 11:3-7.6. Neither the statute nor the regulation requires notice to additional insureds. See Hodges v. Pennsylvania Nat. Ins., 260 N.J. Super. 217, 222 n. 3, 615 A.2d 1259 (App.Div. 1992) (holding that named insured's daughter, who was specifically identified in the policy as an additional driver, was not entitled to notice of cancellation under the statute, and, thus, effective cancellation of the mother would also cancel coverage as to the daughter).
We have found only one case precisely on point. In O'Neill v. Auto Club Ins. Assoc., 175 Mich. App. 384, 438 N.W.2d 288, 290 (1989), the court held that, even though the insurer failed to provide notice to a specifically identified additional insured/lessor, the automobile policy was validly canceled as to the insured who received the required written notice of cancellation. However, cancellation as to the lessee did not effect cancellation as to the lessor who, as here, remained covered under the terms of the policy. Id. at 291. The court found no public policy reason to require that both parties receive a notice of cancellation in order to cancel as to the lessee. Ibid. Cf. South Carolina Nat. Bank v. Lumbermens Mut. Cas. Co., 526 F. Supp. 94 (D.C.S.C. 1981) (holding that cancellation of the liability policy of the named insured was effective even though the insurer failed to give the required notice of cancellation to a loss payee/additional insured).
This is not a situation where MCA refused to honor its obligation to cover Fidelcor under the endorsement, or where failure to notify the lessor/owner left Fidelcor without coverage upon which it has relied. Fidelcor was provided coverage by MCA in the suit by Pawlick against Provence and Fidelcor, and MCA obtained summary judgment on Fidelcor's behalf. Fidelcor has not been found liable for anything that it would have been covered for had Provence not been canceled. Thus, the failure to notify *636 Fidelcor of the cancellation of Provence's coverage did not invalidate the cancellation.

II
The lease between Provence and Fidelcor required Provence to obtain, among other things, liability insurance naming her as the "insured" and Fidelcor "as Lessor, as an additional insured and loss-payee." Provence was also required to provide Fidelcor with "evidence" of the required coverage before taking delivery of the vehicle. Inasmuch as the vehicle was delivered to Provence, we can only assume that the coverage provided by the MCA policy met the expectations of the lessor.
The endorsement naming Fidelcor as an additional insured provided in pertinent part that:
Any liability and any required no fault coverage afforded by this policy for your leased vehicle also apply to the lessor named in this endorsement as an additional insured. This insurance is subject to the following additional provisions:
1. We will pay damages for which the lessor becomes legally responsible only if the damages arise out of acts or omissions of: (a) you or any family member, or (b) any other person except the lessor or any employee or agent of the lessor using your leased auto.
The Law Division held that "[t]he reason for listing Fidelcor in the MCA policy as an additional insured was to provide the lessor with `permissive driver' protection which it would not have otherwise been afforded under MCA's omnibus clause or by the mandated scope of omnibus coverage set forth at N.J.S.A. 39:6A-1 et seq." We disagree somewhat with that interpretation of the endorsement.
Ordinarily, an insurance policy should be interpreted according to its plain meaning, and the expectations of the parties. Werner Industries, Inc. v. First State Insurance Company, 112 N.J. 30, 548 A.2d 188 (1988). In the context of this case, the endorsement provided indemnity to Fidelcor only if Fidelcor was legally liable for some act or omission of Provence. In short, it provided coverage for vicarious liability. The endorsement had nothing to do with Fidelcor's "permissive use" of the leased *637 vehicle and, thus, did not on its face implicate omnibus clause coverage stemming from the named insured's initial permission. In any event, it was Provence, not Fidelcor, that was using the vehicle at the time of the accident. We agree, however, with the trial judge's interpretation to the extent that the endorsement provided coverage to Fidelcor that N.J.S.A. 39:6A-4 would not require. That is, the statute mandates coverage only for persons "using" the vehicle with the "permission of the named insured"; vicarious liability coverage is not mandated. As noted above, inasmuch as the lessor could have withheld delivery of the vehicle to Provence if the endorsement did not provide the expected coverage, we can properly assume that the lessor's expectations were fulfilled by its unambiguous terms.
Progressive argues that such an interpretation results in a finding that no coverage at all is provided under the endorsement. That is so, it contends, because a lessee, such as Provence, cannot be considered an agent or employee of Fidelcor, and, thus, Fidelcor can never be held vicariously liable for Provence's negligent acts. The argument focuses myopically on liability indemnity coverage while overlooking the importance of coverage for defense costs. In accident cases, such as the one brought by Pawlick in this instance, the owner of the vehicle is often named as a defendant. If Fidelcor did not have the coverage provided by MCA under the endorsement, it would either have to shoulder its own defense costs or have separate coverage. Thus, the endorsement does not provide illusory coverage. Indeed, more likely than not, the lessor had this type of coverage specifically in mind when it negotiated the lease with Provence.
Progressive also contends that Fidelcor, as an identified additional insured under the MCA policy, should be granted the benefit of omnibus clause coverage as a matter of law irrespective of the wording of the endorsement. It reasons that Fidelcor, as the owner of the vehicle, had the right to give, and did give, permission to Provence to operate the vehicle. The question is: *638 does a named additional insured have the same right to grant permission as a named insured does?
Unquestionably, the necessity and reason for omnibus clause coverage stems from the financial responsibility law of New Jersey and the policy behind it. Selected Risks Insurance Co. v. Zullo, 48 N.J. 362, 368, 225 A.2d 570 (1966). The source of omnibus coverage is found in N.J.S.A. 39:6A-4. As indicated earlier, the statute requires, among other things, that an automobile liability policy provide coverage to any person operating the insured vehicle with "the permission of the named insured." Ibid. The statute has received expansive interpretation to effect the perceived legislative policy. Verriest v. INA Underwriters Insurance Co., 142 N.J. 401, 662 A.2d 967 (1995); Matis v. Nationwide Mut. Ins. Co., 33 N.J. 488, 497, 166 A.2d 345 (1960).
The Legislature has recognized, in terms of financial responsibility, that there is "no reason to distinguish the lessor of a rented automobile from one who loans his private car," and for that reason, passed N.J.S.A. 45:21-1, et seq. which requires a lessor to obtain essentially the same type of omnibus coverage as a private owner. Williams v. American Home Assurance Co., 121 N.J. Super. 351, 360, 297 A.2d 193 (App.Div.), certif. denied 62 N.J. 260, 300 A.2d 344 (1973). Any effort by the lessor to diminish its statutory responsibility has been forcefully rebuked. Rao v. Universal Underwriters Ins., 228 N.J. Super. 396, 549 A.2d 1259 (App.Div. 1988); Williams, supra. Fidelcor met its statutory obligation as owner and lessor of the vehicle by purchasing the Progressive policy. Provence was operating that vehicle with Fidelcor's permission, and, as such, she is entitled to coverage under the Progressive policy, regardless of whether she breached any provision of the lease agreement. Williams, supra, 121 N.J. Super. at 363-64, 297 A.2d 193. Because the financial responsibility law of New Jersey has been fulfilled, we find no reason to read something into the MCA endorsement that simply is not there. In our view, Progressive's argument stands omnibus clause coverage law on its head. The intent of the omnibus clause is to *639 afford coverage to permissive users of the named insured. It was not intended to afford coverage to permissive users of an additional insured whose insurable interest itself is narrowly circumscribed by the terms of the insuring endorsement.
In view of our determination, we need not address Pawlick's contention that Progressive lacks standing to appeal in view of its settlement of the underlying tort case.
Affirmed.
NOTES
[1] Because Progressive is the real party in interest, all references to the appellants' argument herein shall be to Progressive in the singular. Fidelcor shall be used only where it is necessary to distinguish between the two appellants.