**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0491-19T1

KING WIRELESS, LLC,

    Plaintiff-Appellant,

v.

MIDVALE INDEMNITY
COMPANY,[1]

    Defendant-Respondent.

_____

Submitted October 7, 2020 – Decided October 27, 2020

Before Judges Fuentes and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7800-17.

Michael I. Lubin, attorney for appellant.

Burke & Potenza, P.A., attorneys for respondent (Joel R. Bellush, on the brief).

PER CURIAM

---

[1] Improperly pled as GEICO Insurance Company.

In this insurance coverage dispute, plaintiff King Wireless, LLC, appeals from a March 15, 2019 Law Division order granting summary judgment to defendant Midvale Indemnity Company. The motion judge determined defendant had properly cancelled a commercial insurance policy for non-payment of premiums and, as a result, he dismissed the complaint in its entirety. Because defendant complied with the notice provisions set forth in N.J.A.C. 11:1-20.2(e), we affirm.

As required by Rule 4:46-2(c), we view the facts in the light most favorable to plaintiff. See also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Those facts are summarized as follows.

Plaintiff, a limited liability company, operated an electronics store on Ferry Street in Newark. Defendant issued a commercial insurance policy to plaintiff for the period from June 14, 2016 to June 14, 2017. The policy was procured during a telephone conversation between plaintiff's sole owner, Nader Moussa, and Kimberly Crawley, a representative of GEICO Commercial Lines Program.[2] During the call, Moussa selected $160,000 in coverage and paid the initial deposit on the $2576.99 premium by credit card.

_____

[2] Defendant was the underwriter for GEICO Commercial Lines Program on the policy.

A-0491-19T1

The parties dispute the method of payment for the remaining premium installments: Moussa claims he told Crawley to charge the same credit card; defendant[3] asserts Moussa declined the automatic payment method, choosing instead "to receive documents by physical mail." Moussa acknowledged he thereafter received a copy of the policy, which was sent to plaintiff's address on Ferry Street.

On June 24, 2016, defendant issued a billing statement listing the remaining monthly payment schedule. The billing statement also contained an "Important Note," advising plaintiff it could "pay by phone with [its] credit card or an electronic check[,]" or "via automated recurring deductions from [its] checking account or credit card." In plaintiff's responses to defendant's material statement of facts in support of its summary judgment motion, plaintiff neither

---

[3] To support its summary judgment motion, defendant filed the affidavit of Nathan Miller, a commercial product manager of Homesite Insurance Company. According to Miller's affidavit, Homesite and defendant "are affiliates of American Family Mutual Insurance Company." Miller conducted a review of the record entries of the telephone call between Moussa and Crawley, who did not file an affidavit. Miller summarized defendant's procedure for issuing insurance during such calls generally and the substance of the parties' call here.

A-0491-19T1

admitted nor denied that defendant "mailed" the billing statement; plaintiff did not, however, deny receiving the billing statement.[4]

It is undisputed that plaintiff did not remit payment for the second installment, which was due on July 14, 2016. Moussa claimed he assumed installment payments would be charged to plaintiff's credit card, which he furnished to Crawley during their call.

Thereafter, defendant issued a cancellation notice to plaintiff. The notice, dated July 25, 2016, stated coverage would terminate on August 14, 2016 at 12:01 a.m., unless a minimum payment of $214.75 was made by that date. Defendant issued a reminder notice, dated August 7, 2016, reflecting the same minimum payment due to avoid the cancellation deadline on August 14, 2016.

When deposed, Moussa denied receiving the cancellation and reminder notices. He testified another electronics store was located in plaintiff's building and shared the same street address. Moussa claimed mail often was delivered

---

[4] See R. 4:46-2(b) (requiring a party opposing a summary judgment motion to "either admit[] or disput[e] each of the facts in the movant's statement [of material facts]" and deeming admitted the movant's statements "unless specifically disputed by citation . . . demonstrating the existence of a genuine issue as to the fact"). Plaintiff provided no citation to the record in any of its responses or counterstatement of facts.

A-0491-19T1

to the wrong store and, due to his poor relationship with the owner of that store, Moussa would not receive misdelivered mail.

In his affidavit, Miller asserted the notice of cancellation

> was mailed from the offices of a print and mail vendor used by [defendant] in Omaha, Nebraska. In accordance with New Jersey statute and regulation, [defendant] retained a proof of mailing of various cancellation notices mailed on July 26, 2016, including that which was sent to King Wireless LLC at [XXX] Ferry Street in Newark. A copy of that proof of mailing, bearing the July 26, 2016 stamp of the Omaha, Nebraska office of the United States Postal Service is attached as Exhibit D.

According to plaintiff's answers to interrogatories, on September 2, 2016, after a neighboring store was burglarized, Moussa called defendant to ensure plaintiff's policy "was in full force and effect." Moussa claimed defendant verified coverage during that call, but he did "not know the name of the person he spoke with."[5] Two months later, a fire caused damage to plaintiff's place of business. Defendant denied the claim because the policy had been cancelled for nonpayment of premium. In November 2017, plaintiff filed its complaint against defendant, seeking to recover damages sustained as a result of the fire.

---

[5] Plaintiff provided its telephone records in discovery. The telephone records provided on appeal do not contain any September 2016 calls.

Defendant moved for summary judgment at the end of the discovery period. The motion judge heard argument from counsel and immediately thereafter issued a brief oral decision in defendant's favor. In essence, the judge determined "defendant cancelled the policy pursuant to the administrative code, and [as such] . . . the notice [wa]s presumed to be received" provided defendant followed the mandates of N.J.A.C. 11:1-20.2. This appeal followed.

On appeal, plaintiff reprises its argument that a genuine issue of fact regarding its method of payment precludes summary judgment. In doing so, plaintiff emphasizes the "key factual issue" is "not whether the policy was cancelled for nonpayment of premiums, but whether it [wa]s properly cancelled." Toward that end, plaintiff maintains: "The question was not whether defendant followed the New Jersey Administrative Code regarding cancellation of an insurance policy, whether it actually sent a notice of cancellation or whether plaintiff received the notice of cancellation."

We review the trial court's grant of summary judgment de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). Employing the same standard the trial court uses, we review the record to determine whether there are material factual disputes and, if not, whether the undisputed facts viewed in the light most favorable to plaintiff

A-0491-19T1

nonetheless entitle defendant to judgment as a matter of law. Ibid.; Brill, 142 N.J. at 540; see also R. 4:46-2(c). We owe no deference to the trial court's legal analysis or interpretation of a statute. Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citation omitted).

The governing principles are well-established. The Commissioner of Banking and Insurance is authorized to promulgate rules and regulations regarding insurance non-renewal and cancellation notices. N.J.S.A. 17:29C-1; Piermount Iron Works, Inc. v. Evanston Ins. Co., 197 N.J. 432, 439-40 (2009). Pursuant to that authority, the Commissioner has adopted, among other provisions, N.J.A.C. 11:1-20.1. Pursuant to subsection (e) of this regulation:

> A policy shall not be cancelled for nonpayment of premium unless the insurer, at least 10 days prior to the effective cancellation date, has mailed or delivered to the insured notice as required in this subchapter of the amount of premium due and the due date. The notice shall clearly state the effect of nonpayment by the due date.

Further, a notice of cancellation or non-renewal is not valid unless it is sent:

> 1. By certified mail; or
>
> 2. By first class mail, if at the time of mailing the insurer has obtained from the Post Office Department a date stamped proof of mailing showing the name and

A-0491-19T1

address of the insured, and the insurer has retained a
duplicate copy of the mailed notice.

[N.J.A.C. 11:1-20.2(i).]

We have held, albeit in the context of automobile insurance coverage, that to be effective, notices of cancellation must be sent in strict compliance with applicable statutory and regulatory provisions. See, e.g., Lopez v. N.J. Auto. Full Ins. Underwriting Ass'n, 239 N.J. Super. 13, 20 (App. Div. 1990). We have also recognized, however, that "[a]n insured need not actually receive a cancellation notice in order for it to be effective, provided that the statutory proof of mailing has been satisfied." Hodges v. Pa. Nat. Ins. Co. on Behalf of NJAFIUA, 260 N.J. Super. 217, 222-23 (App. Div. 1992) (citation omitted). Thus, the determinative factor is the mailing of the notice, not its receipt. See Needham v. N.J. Ins. Underwriting Ass'n, 230 N.J. Super. 358, 369 (App. Div. 1989).

Here, however, plaintiff does not challenge whether defendant complied with N.J.A.C. 11:1-20.2. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014). Nonetheless, we note the exhibits offered in support of defendant's motion for summary judgment include a proof of mailing from the Omaha, Nebraska branch of the United States Postal Service, which is date-stamped July 26, 2016 and accurately reflects plaintiff's complete

A-0491-19T1

business name and address, and a copy of the mailed notice of cancellation as required by subsection (i) of N.J.A.C. 11:1-20.2. Accordingly, we conclude defendant's cancellation of the insurance policy was made in accordance with the governing regulation. We therefore discern no basis to disturb the motion judge's decision.

To the extent not addressed, plaintiff's remaining arguments lack sufficient merit to warrant discussion in this written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0491-19T1