## A00A1791. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY v. ZELLER.
### (541 SE2d 433)

JOHNSON, Chief Judge.

Norman Kile Zeller leased a Pontiac Bonneville automobile from General Motors Acceptance Corporation (GMAC). He arranged for Metropolitan Property & Casualty Insurance Company to issue an automobile liability insurance policy on the car. On May 6, 1993, Metropolitan cancelled the policy for nonpayment of premiums. Six weeks later, Zeller's son was involved in a collision, and the car was a total loss. GMAC sued Zeller to recover the balance due under the lease. Zeller initiated a third-party complaint against Metropolitan, claiming that the loss was covered under the insurance policy. The trial court granted Zeller's motion for summary judgment, and Metropolitan appeals. For the reasons set forth below, we affirm.

On appeal of the grant of summary judgment, this court applies a de novo review of the evidence to determine whether any question of material fact exists.[1] Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[2] A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[3]

In order to be effective, an insurer's cancellation of an automobile insurance policy must comply with OCGA § 33-24-44. Subsection (d) thereof provides that

> [w]hen a policy is canceled for failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums for a policy . . . the notice requirements of this Code section may be satisfied by delivering or mailing written notice to the named insured *and any lienholder*, where applicable, at least ten days prior to the effective date of cancellation. . . .[4]

---

[1] *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993).
[2] OCGA § 9-11-56 (c).
[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[4] (Emphasis supplied.)

The record indicates that Metropolitan mailed a notice of policy cancellation to Zeller on April 22, 1993. Metropolitan does not contend that it gave a cancellation notice to GMAC at least ten days before the effective date of cancellation.

Metropolitan argues that GMAC was an owner and lessor, and not a lienholder, and that the trial court erred in finding that it had a statutory duty to notify GMAC of the policy cancellation. The record nevertheless supports a finding that GMAC was a lienholder. Although the certificate of title to the automobile lists GMAC as owner, the Georgia title also lists GMAC as the "1st lien holder." GMAC is listed in the coverage sheet of the insurance policy as the "lien/loss payee" as well as "lessor/additional insured." And while GMAC may hold title to the car, the roles of lessor and secured party are not mutually exclusive.[5] Regardless of how the interests created under the lease agreement might be classified as between GMAC and Zeller, Metropolitan has designated GMAC in its policy as having the equivalent of a lienholder's interest in the insured automobile, and, there being no claims of fraud, Metropolitan is estopped from varying the terms of the policy as written.[6]

Citing *Ponderosa Collections v. Frady*,[7] Metropolitan also argues that the policy lapsed and the notification provisions of OCGA § 33-24-44 do not apply. However, the record shows the policy was purportedly cancelled for nonpayment and did not simply expire as scheduled.

We hold that in these circumstances, GMAC was entitled to prior notice of policy cancellation as a "lienholder" under OCGA § 33-24-44 (d).[8]

Inasmuch as Metropolitan makes no contention that it gave GMAC notice of the policy cancellation at least ten days before the effective date of the cancellation, and there are no other impediments to coverage presented by Metropolitan, we affirm the trial court's grant of Zeller's motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

---

[5] *C & S Equip. Leasing v. Atlanta Fed. Sav. &c. Assn.*, 144 Ga. App. 800, 805 (3) (243 SE2d 243) (1978).

[6] See *Christian v. Allstate Ins. Co.*, 239 Ga. 850, 853 (239 SE2d 328) (1977).

[7] 216 Ga. App. 619 (455 SE2d 346) (1995).

[8] See also *Maddox v. Allstate Ins. Co.*, 164 Ga. App. 21, 22 (1) (296 SE2d 84) (1982) (implying that lessor entitled to statutory notice of insurance policy cancellation).

Decided November 2, 2000 —

*Downey & Cleveland, William C. Anderson, Sean L. Hynes*, for appellant.

*Constance McManus*, for appellee.