■ EDMUND GEISINGER et al., Appellants, v VIGILANT INSURANCE COMPANY, Respondent. [748 NYS2d 613] —In an action to recover certain proceeds of an insurance policy, the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 14, 2001, which granted the defendant's motion for summary judgment dismissing the complaint, and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

On January 14, 1999, the plaintiffs' home was completely destroyed by fire. The defendant had issued a policy of insurance to the plaintiffs which provided them with coverage for both the loss of their home and the contents therein. Under the "Deluxe House Coverage" portion of the policy, the plaintiffs were also entitled to payment of "the reasonable expenses [they] incur[red] to remove debris of a covered loss and of the property that caused a covered loss." The cost of debris removal was an "Extra Coverage" under the "Deluxe House Coverage" portion of the policy.

The plaintiffs received payment from the defendant for debris removal on their claim for the total loss of their home in accordance with the "Extra Coverage" and "Deluxe House Coverage" provisions of the policy. However, the plaintiffs did not receive an additional $31,075 for debris removal as part of their payment for loss of contents in accordance with the "Extended replacement cost" provision of the policy. The plaintiffs subsequently commenced this action to obtain that additional sum. The defendant maintained that the cost of debris removal was not considered in calculating the payment to the plaintiffs for loss of contents, since debris removal was included within the "Extra Coverage" and "Deluxe House Coverage" provisions of the policy, and was not a component of the "Extended replacement cost" coverage provision of the policy.

Whether a writing is ambiguous is a question of law to be resolved by the courts (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162). Where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (see United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232).

The language of the policy in the instant case is clear and unambiguous. A reading of the entire policy indicates that debris removal was an "Extra Coverage" that was included in the "Deluxe House Coverage" portion of the policy. The plaintiffs received payment from the defendant for the cost of debris removal in connection with their claim for the total loss of their home. Accordingly, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.