■ TOYOTA MOTOR CREDIT CORPORATION, Respondent, v EDGAR R. FELTON et al., Defendants, and INTEGON INSURANCE COMPANY, Appellant. [760 NYS2d 510] —In an action, inter alia, for a judgment declaring that the insurance policy issued by the defendant Integon Insurance Company was in effect at the time of the accident which was the subject of an underlying personal injury action entitled *Ordonez v Toyota Motor Credit Corp.*, pending in the Supreme Court, Bronx County, under Index No. 8247/99, the defendant Integon Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated April 9, 2002, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants Edgar R. Felton and Noemi Bonilla Felton (hereinafter the defendants) leased a Toyota Camry from the plaintiff Toyota Motor Credit Corporation (hereinafter Toyota). The lease required the defendants to procure an insurance

policy naming Toyota as an additional insured and loss payee. The defendant Felton procured an insurance policy from the defendant Integon Insurance Company (hereinafter Integon). The policy provided that Integon could cancel the policy for nonpayment of premium after mailing notice to the named insured shown in the declarations. It further provided that "we will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the declarations."

By notice of cancellation dated June 6, 1996, Integon informed Felton that the policy was cancelled for nonpayment of premium effective June 25, 1996. Felton does not dispute that he received the notice of cancellation. On July 13, 1996, Felton hit a man on a bicycle while driving the car he leased from Toyota. As a result, the man, Mauricio Ordonez, commenced a personal injury action against Toyota and Felton. Toyota settled the action, and commenced this action, inter alia, seeking a judgment declaring that the insurance policy was in effect on July 13, 1996, because Integon failed to notify it of the cancellation of the insurance policy.

It is well settled that where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning (see *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232 [1986]; *Geisinger v Vigilant Ins. Co.,* 298 AD2d 491, 492 [2002]). Under the plain and ordinary meaning of the language of the insurance policy, Integon was obligated to provide Toyota with notice before cancellation of the policy terminated Toyota's interest.

Integon failed to tender sufficient evidence to demonstrate the absence of material issues of fact as to whether notice of cancellation of the insurance policy was duly addressed and mailed to Toyota (see *Nassau Ins. Co. v Murray,* 46 NY2d 828 [1978]; *Ficarro v AARP, Inc.,* 205 AD2d 955, 957 [1994]; *Matter of Government Empls. Ins. Co. [Hartford Ins. Co.],* 112 AD2d 226, 228 [1985]; see generally *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied Integon's cross motion for summary judgment.

Integon's remaining contentions are without merit. Santucci, J.P., Luciano, Townes and Rivera, JJ., concur.