GARY WISE, APPELLANT, V. OMAHA PUBLIC SCHOOLS
AND RICHARD E. KELLEY, APPELLEES.

714 N.W.2d 19

Filed May 26, 2006.    No. S-05-491.

Andrew J. Hilger, of Greul & Hilger, L.L.C., for appellant.

Ronald F. Krause and Daniel J. Epstein, of Cassem, Tierney, Adams, Gotch & Douglas, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

Gary Wise filed this action against Omaha Public Schools (OPS) and Richard E. Kelley. Wise alleged that Kelley, while driving an OPS van in the course and scope of his employment with OPS, "skidded on the rain-slick street surface" and collided with a vehicle operated by Wise. Kelley and OPS moved to dismiss the action for failure to state a claim upon which relief could be granted due to Wise's failure to allege compliance with provisions of the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-926 (Reissue 1997 & Cum. Supp. 2002). Alternatively, Kelley and OPS moved for summary judgment on the same theory. After receiving evidence, the district court determined that the claims were subject to the PSTCA and entered summary judgment in favor of OPS and Kelley, dismissing the action with prejudice. Wise filed this timely appeal, which we moved to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We affirm the judgment of the district court.

## ASSIGNMENTS OF ERROR

Wise assigns, restated and consolidated, that the district court erred in granting summary judgment and dismissing the action. He contends that this action is not governed by the PSTCA and that he was therefore not required to comply with its notice provisions.

## STANDARD OF REVIEW

■ OPS and Kelley moved for dismissal or, in the alternative, summary judgment. The court received evidence on the motion. Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(6) (rev. 2003) provides that when a matter outside of the pleadings is presented by the parties and accepted by the trial court, a defendant's motion to dismiss must be treated as a motion for summary judgment as provided in Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 1995 & Cum. Supp. 2004). *Carruth v. State, ante* p. 433, 712 N.W.2d 575 (2006).

■ Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences

that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005); *City of Columbus v. Swanson*, 270 Neb. 713, 708 N.W.2d 225 (2005). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Andres v. McNeil Co., supra*; *Cerny v. Longley*, 270 Neb. 706, 708 N.W.2d 219 (2005).

The meaning of a statute is a question of law. *In re Petition of SID No. 1*, 270 Neb. 856, 708 N.W.2d 809 (2006); *City of Columbus v. Swanson, supra*. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Merz v. Seeba, ante* p. 117, 710 N.W.2d 91 (2006); *Magistro v. J. Lou, Inc.*, 270 Neb. 438, 703 N.W.2d 887 (2005).

## ANALYSIS

Wise specifically alleged that at the time of the 2001 motor vehicle accident from which this suit arises, Kelley was acting in the course and scope of his employment with OPS, a political subdivision of the State of Nebraska. It is undisputed that the action involves a tort claim, as defined by the PSTCA. See § 13-903(4). The PSTCA provides that "no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees . . . on any tort claim except to the extent, and only to the extent, provided by the [PSTCA]." § 13-902. The PSTCA requires that all tort claims must initially be filed with "the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision" within 1 year after the claim accrued and that no suit may be brought "unless the governing body of the political subdivision has made final disposition of the claim." §§ 13-905 and 13-906. If there has been no disposition of a claim within 6 months after it is filed, then "the claimant may, by notice in writing, withdraw the claim from consideration of the governing body and begin suit" under the PSTCA. §§ 13-919(1) and 13-920(2).

The issue of noncompliance with the notice provisions of the PSTCA must be raised as an affirmative defense specifically expressing the plaintiff's noncompliance. *Kuchar v. Krings*,

248 Neb. 995, 540 N.W.2d 582 (1995). It is not one of the enumerated defenses which can be asserted by a motion to dismiss pursuant to rule 12(b), as OPS and Kelley incorrectly sought to do in this case. However, in response to the motion, Wise argued in the district court that the PSTCA did not apply to his claim. This is confirmed by his brief on appeal, in which he states that "[i]n bringing his claim against both OPS and its employee, [he] proceeded at all times outside of the [PSTCA]." Brief for appellant at 1. As a general rule, an appellate court disposes of a case on the theory presented in the district court. *Borley Storage & Transfer Co. v. Whitted, ante* p. 84, 710 N.W.2d 71 (2006); *Professional Bus. Servs. v. Rosno*, 268 Neb. 99, 680 N.W.2d 176 (2004). Accordingly, the issue presented by this appeal is whether Wise may assert a tort claim against either OPS or Kelley which is not subject to the PSTCA.

Wise concedes that his claim against OPS is barred, but he argues that his claim against Kelley is not governed by the PSTCA and remains viable. Wise argues that because he alleged that the vehicle operated by Kelley "skidded on the rain-slick street surface" before colliding with his vehicle, his claim falls within § 13-910(10), which provides in relevant part that the PSTCA shall not apply to

> [a]ny claim arising out of snow or ice conditions or other temporary conditions caused by nature on any highway . . . bridge, public thoroughfare, or other public place due to weather conditions. Nothing in this subdivision shall be construed to limit a political subdivision's liability for any claim arising out of the operation of a motor vehicle by an employee of the political subdivision while acting within the course and scope of his or her employment by the political subdivision.

Wise's argument misapprehends both the language and legal effect of this statute. Section 13-908, which provides that in suits brought pursuant to the PSTCA, "the political subdivision shall be liable in the same manner . . . as a private individual under like circumstances," sets forth a general waiver of sovereign immunity subject to certain limited exceptions stated in § 13-910. *McCormick v. City of Norfolk*, 263 Neb. 693, 641

N.W.2d 638 (2002); *Lawry v. County of Sarpy*, 254 Neb. 193, 575 N.W.2d 605 (1998). The exceptions set forth in § 13-910 are affirmative sovereign immunity defenses to claims brought pursuant to the PSTCA. *Harris v. Omaha Housing Auth.*, 269 Neb. 981, 698 N.W.2d 58 (2005). If a claim falls within one of the exceptions stated in § 13-910, it fails based upon sovereign immunity. *Id.*

Wise argues that because his claim falls within § 13-910(10), it is barred by sovereign immunity as to OPS but not as to Kelley, whom Wise contends "does not possess a political subdivision's sovereign immunity and accordingly remains individually liable for his own acts." Brief for appellant at 4. The initial premise of this argument disregards the second sentence of §13-910(10), which clearly states that the exception to the waiver of sovereign immunity for claims based upon "temporary conditions caused by nature on any highway" does not apply to claims arising out of the operation of a motor vehicle by an employee of a political subdivision while acting within the course and scope of his or her employment. Because Wise's claim clearly arises out of Kelley's operation of an OPS vehicle while acting in the scope of his employment, § 13-910(10) is inapplicable on its face.

Even if § 13-910(10) were applicable, it would not provide a basis for a claim against OPS or Kelley independent of the PSTCA. In *Harris v. Omaha Housing Authority, supra*, we specifically rejected an argument that the requirements of the PSTCA do not apply to claims that fall within one or more of the exceptions stated in § 13-910. We reasoned that because the exceptions were affirmative sovereign immunity defenses to claims brought pursuant to the PSTCA, a finding that a claim fell within one or more of the exceptions would require dismissal of the complaint. Wise attempts to distinguish *Harris* by noting that it did not involve a claim against an individual employee of a political subdivision. However, this argument ignores language in § 13-920 which clearly provides that "[n]o suit shall be commenced against any employee of a political subdivision" for a tort committed while acting in the course and scope of employment unless the notice provisions of the PSTCA are met. We have held that where a claim against an employee

of a political subdivision is based upon acts or omissions occurring within the scope of employment, it is governed by the provisions of the PSTCA. *Kuchar v. Krings*, 248 Neb. 995, 540 N.W.2d 582 (1995).

## CONCLUSION

For the foregoing reasons, we conclude that the district court did not err in granting summary judgment in favor of OPS and Kelley, and we affirm the judgment of dismissal.

AFFIRMED.