require perfection of a parent when deciding whether termination of parental rights is appropriate.

We conclude that there is insufficient evidence to prove that termination of Deborah's parental rights to Seth and Dinah is in the children's best interests. We reverse that portion of the juvenile court's order which terminated Deborah's parental rights to Seth and Dinah.

## VI. CONCLUSION

We find that the juvenile court erred when it found that the State had proven, by clear and convincing evidence, that terminating Deborah's parental rights would be in Seth's and Dinah's best interests. Accordingly, we reverse that portion of the juvenile court's order which terminated Deborah's parental rights and remand the matter for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

CIZEK HOMES, INC., APPELLEE, v. COLUMBIA NATIONAL
INSURANCE COMPANY, APPELLANT.
___ N.W.2d ___

Filed September 9, 2014.    No. A-13-585.

1. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.

2. **Summary Judgment: Final Orders: Appeal and Error.** When adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as the court deems just.

3. **Insurance: Contracts: Appeal and Error.** The interpretation of an insurance policy presents a question of law that an appellate court decides independently of the trial court.

4. **Insurance: Contracts.** To determine whether coverage exists under an insurance policy, the first determination is whether there is an initial grant of coverage for the claimed loss. If so, it must then be determined whether any exclusion applies.

5. **Insurance: Contracts: Liability: Pleadings.** Coverage under an insurance policy contains two obligations—the duty to defend and the duty to indemnify. The duty to defend is broader than the duty to indemnify, and in the first instance, it is measured by the allegations of the complaint against the insured.

6. \_\_\_\_: \_\_\_\_: \_\_\_\_: \_\_\_\_. To determine whether a duty to defend exists, an insurer must investigate and discover the relevant facts, in addition to looking at the allegations of the complaint. An insurer bears a duty to defend whenever it ascertains facts which give rise to the potential of liability under the policy.

7. **Insurance: Contracts: Liability.** Faulty workmanship, standing alone, is not an occurrence under a standard commercial general liability policy.

8. **Insurance: Contracts: Pleadings.** When the allegations of the complaint support a conclusion that no insurance coverage exists, and in the absence of any other facts which would support an inference of coverage, an insurer has no duty to defend or indemnify an insured.

9. **Appeal and Error.** An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: Peter C. Bataillon, Judge. Reversed and remanded with directions.

John C. Brownrigg, Heather B. Veik, and Thomas J. Culhane, of Erickson & Sederstrom, P.C., L.L.O., for appellant.

John D. Stalnaker and Robert J. Becker, of Stalnaker, Becker & Buresh, P.C., for appellee.

Irwin, Moore, and Riedmann, Judges.

Riedmann, Judge.

## INTRODUCTION

Columbia National Insurance Company (Columbia) appeals from the order of the Douglas County District Court denying its motion for summary judgment and entering judgment in favor of Cizek Homes, Inc. (Cizek). Finding that the claims settled did not arise out of an "occurrence" as that term is defined in Columbia's commercial general liability (CGL) policy issued to Cizek, we reverse, and remand with directions to enter judgment in favor of Columbia.

## BACKGROUND

*Underlying Claim.*

Cizek is a building contractor that has been in the home building business for nearly 40 years. In 1995, Cizek

purchased a parcel of real estate known as Lot 75. In 2003, Cizek sold Lot 75 to Carl and Zoe Riekes and constructed a residence thereon. In 2006, the Riekeses notified Cizek that the soil beneath the residence was settling and causing physical damage to their residence. Cizek monitored the settling, and in June 2007, an engineer determined that the settling had ceased.

During this process, Cizek notified Columbia, its insurance carrier, of the claim. Columbia denied any coverage associated with the Riekeses' claim for damage to the residence. When the Riekeses decided on a method of repairing the damage to their home, they presented a settlement agreement to Cizek to complete the repairs, and in the event Cizek did not agree to complete the repairs, the Riekeses presented a draft complaint that they intended to file against Cizek for breach of contract and negligence. The draft complaint contained allegations that negligence and faulty workmanship had purportedly caused the damage to the home.

Cizek reached a settlement with the Riekeses prior to the filing of the underlying complaint, and it completed the repairs to their home. In the settlement agreement, the parties described the Riekeses' claim as one "for damages to the Residence due to soil conditions and/or improper construction of the Residence by [Cizek], which claims [Cizek] denies." Cizek submitted the claim to Columbia, which again denied coverage for the cost of the repairs, claiming that the damages did not arise from an "occurrence" as that term was defined in the CGL policy.

*Policy Terms.*

According to the terms of the CGL policy, Columbia agreed to "pay those sums that [Cizek] becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The insurance applies to "'bodily injury'" or "'property damage'" only if the "'bodily injury'" or "'property damage'" is caused by an "'occurrence'" that takes place in the "'coverage territory.'" The policy defines "'[o]ccurrence'" as "an accident, including

continuous or repeated exposure to substantially the same general harmful conditions."

The policy also included an exclusion entitled "Recall Of Products, Work Or Impaired Property." This provision excluded coverage for the following:

> Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
>
> **(1)** "Your product";
> **(2)** "Your work"; or
> **(3)** "Impaired property";
>
> if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Under the policy, the definition of the term "your product" includes any goods or products, other than real property, manufactured, sold, handled, distributed, or disposed of by Cizek. The definition of the term "your work" includes work or operations performed by Cizek or on Cizek's behalf.

*Declaratory Judgment Action.*

Based on Columbia's denial of coverage, Cizek filed a declaratory judgment action in the district court. In its complaint, Cizek alleged that it constructed a residence for the Riekeses and that the residence sustained damage as a result of settling of the soil on which it was constructed. Cizek further alleged that "[a]s a result of the damages, [Cizek] became legally obligated to engage in repairs to the Reikes's [sic] home, and to incur costs to do so, including costs and expenses to make repairs, architect costs, and costs to provide alternative housing to the Reikes's [sic] during the required repairs."

The parties moved for summary judgment on several occasions. The dispositive ruling came in the district court's order entered on May 20, 2013. In that order, the district court noted that at a pretrial conference on January 25, the parties agreed that there were no disputed facts and that Columbia was not

contending that Cizek was negligent in building the Riekeses' house on Lot 75 as the lot was on the date of construction, nor was it contending that Cizek was guilty of any faulty workmanship; rather, Columbia took the position that it was not relevant to this issue of coverage whether or not Cizek was negligent. Based upon Columbia's position, the district court found that there was no faulty workmanship on the part of Cizek and that therefore, there was an "occurrence" and an initial grant of coverage under the policy. The district court also determined that the "Recall" exclusion did not apply because Columbia never alleged that Cizek did anything wrong, was negligent, or was guilty of any defective or faulty workmanship. Because there was no work of Cizek that resulted in a loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal, or disposal, the exclusion was inapplicable. As a result, the court denied Columbia's motion for summary judgment and granted summary judgment in favor of Cizek.

Columbia subsequently filed a motion to alter or amend the judgment, alleging that the court erred in granting summary judgment in favor of Cizek or, in the alternative, that the amount of damages stipulated to by the parties was incorrectly reflected in the court's order. The district court amended its prior order to reflect the parties' stipulation that the amount of damages suffered by Cizek was $158,114.93. The court also granted Cizek's motion for attorney fees and taxation of costs, and awarded $42,707.70 as taxable costs to Cizek. Columbia timely appeals to this court.

## ASSIGNMENTS OF ERROR

Columbia assigns that the district court erred in (1) granting summary judgment in favor of Cizek, (2) denying Columbia's motion for summary judgment, (3) finding that there was an "occurrence" as that term is defined in the insurance policy issued by Columbia to Cizek and finding that there was an initial grant of coverage for Cizek's claim, and (4) finding that the "Recall Of Products, Work Or Impaired Property" exclusion in the policies at issue did not apply to preclude coverage for Cizek's claim.

## STANDARD OF REVIEW

[1] In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Auto-Owners Ins. Co. v. Home Pride Cos.*, 268 Neb. 528, 684 N.W.2d 571 (2004).

[2] When adverse parties have each moved for summary judgment and the trial court has sustained one of the motions, the reviewing court obtains jurisdiction over both motions and may determine the controversy which is the subject of those motions or make an order specifying the facts which appear without substantial controversy and direct such further proceedings as the court deems just. *City of Columbus v. Swanson*, 270 Neb. 713, 708 N.W.2d 225 (2005).

[3] The interpretation of an insurance policy presents a question of law that we decide independently of the trial court. *Federated Service Ins. Co. v. Alliance Constr., LLC*, 282 Neb. 638, 805 N.W.2d 468 (2011).

## ANALYSIS

[4] To determine whether coverage exists under an insurance policy, we must first determine whether there is an initial grant of coverage for the claimed loss. If so, we must then determine whether any exclusion applies. See *Auto-Owners Ins. Co. v. Home Pride Cos., supra*.

*Initial Grant of Coverage.*

The insuring agreement of Columbia's policy states in pertinent part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." It further states that the insurance only applies if the property damage is caused by an "'occurrence'" that takes place in the "'coverage territory.'" "'Occurrence'" is further defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

The Riekeses alleged in their draft complaint against Cizek that the lot was unsuitable for construction, that the home

was not constructed in accordance with the terms and conditions of the building contract, and that the residence was not constructed in conformance with acceptable construction and industry standards. In its declaratory judgment complaint against Columbia, Cizek alleged that the damage to the home was caused by the settling of the soil and admitted that it was legally obligated to pay for the cost of repairs to the Riekeses' home.

Prior to denying coverage, Columbia investigated the Riekeses' claim against Cizek and concluded that the damage to the home was caused by construction of the house on soil that later settled.

Although Cizek denies that it was negligent or that it engaged in faulty workmanship, the facts do not reveal a cause for the house settling other than its having been built on soil that was not properly compacted. As Columbia contends, it is not necessary to determine whether Cizek was in fact negligent or engaged in faulty workmanship in order to determine coverage; rather, given the posture of this case, coverage is determined based upon the allegations contained in the Reikeses' complaint against Cizek and the facts revealed in an investigation of that claim. See *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006).

*Peterson v. Ohio Casualty Group, supra*, was a declaratory judgment action in which an anesthesiologist, John C. Peterson, sought coverage under his homeowner's and umbrella policies for a defamation claim. The defamation claim was brought by a former coworker for statements Peterson allegedly made pertaining to his former coworker's competence. Each insurance policy contained a business pursuit exclusion that generally precluded coverage for damages arising out of an insured's business pursuits. The insurer denied Peterson's request for a defense and for indemnity, citing the exclusion. Peterson filed a declaratory judgment action and, during the pendency of the action, settled the underlying defamation action.

[5,6] The *Peterson* court recognized that coverage under an insurance policy contains two obligations—the duty to defend and the duty to indemnify. The duty to defend is broader than

the duty to indemnify, and in the first instance, it is measured by the allegations of the complaint against the insured. *Id*. To determine the duty to defend, an insurer must investigate and discover the relevant facts, in addition to looking at the allegations of the complaint. An insurer bears a duty to defend whenever it ascertains facts which give rise to the potential of liability under the policy. *Id*.

Applying these principles, the *Peterson* court noted that the record provided a complete set of facts in the underlying litigation and that the "record made by the parties on their cross-motions for summary judgment discloses no facts outside the pleadings which would bear on the issue of whether Ohio Casualty had a duty to defend Peterson in the now completed [underlying] litigation." *Id*. at 710-11, 724 N.W.2d at 774-75.

In determining that the trial court did not err in granting summary judgment in favor of the insurer, the Nebraska Supreme Court analyzed the allegations of the complaint which included the statements that were alleged to be defamatory. The court determined that these allegations asserted a claim arising out of Peterson's professional practice and that therefore, they fell within the business pursuit exclusion. The court concluded:

> The allegations and claims against Peterson contained in the [underlying] pleadings fall squarely within the policy exclusions, and in the absence of any other facts which would support an inference of coverage, we conclude that Ohio Casualty had no duty to defend or indemnify Peterson with respect to the claims asserted against him in the [underlying] lawsuit.

*Id*. at 712, 724 N.W.2d at 775-76.

In *Peterson v. Ohio Casualty Group, supra*, the court looked to the allegations of the complaint and the facts developed during the insurer's investigation to determine whether the insurer had a duty to defend or indemnify the insured. In the present action, Cizek did not seek a duty to defend, because the underlying claim was settled prior to the Riekeses filing a complaint. Despite this factual distinction about the duty to defend, we nevertheless find the *Peterson* framework of analysis is

appropriate for us to employ to determine whether Columbia had a duty to indemnify Cizek in the present case.

The Riekeses alleged in their complaint that the home sustained damage because Cizek failed to construct the home in accordance with the terms and conditions of the contract, the applicable building codes and manufacturers' recommendations, and the accepted construction and industry standards. They further alleged that Cizek was negligent in designing and constructing the home and did not take into consideration the nature of the land upon which it was built. The investigation undertaken by both Cizek and Columbia reveal that the cause of the damage was the settling of the soil upon which the home was built. Cizek admits this in its declaratory judgment complaint.

In essence, the Riekeses assert a claim for faulty workmanship as it relates to Cizek's preparation of the soil, and Cizek admits that a problem existed in the soil upon which the home was built. Cizek further admits that it was legally obligated to pay for the cost of repairs, but denies that it was negligent. The evidence reveals that the damage was only to the home itself and that no other property was damaged. This fact is relevant to whether there was an "occurrence," as further discussed below.

The issue of insurance coverage turns upon whether there has been an "occurrence" as that term is defined in the policy. Both parties direct us to *Auto-Owners Ins. Co. v. Home Pride Cos.*, 268 Neb. 528, 684 N.W.2d 571 (2004), to resolve this question.

[7] In *Auto-Owners Ins. Co. v. Home Pride Cos., supra*, Auto-Owners Insurance Company (Auto-Owners) brought a declaratory judgment action to determine its obligations under a CGL policy issued to its insured, Home Pride Companies, Inc. (Home Pride). Home Pride had hired a subcontractor to roof an apartment building. After the project was completed, the owner began noticing problems with the roof. The owner ultimately filed suit against Home Pride, alleging faulty workmanship that it claimed damaged the roof structures and buildings. Home Pride tendered defense of the claim to Auto-Owners, which assumed the defense under a reservation

of rights. Auto-Owners then initiated a declaratory judgment action. The issue on appeal was whether damage caused by faulty workmanship was covered under a CGL policy. The answer hinged on the question of whether faulty workmanship constituted an "occurrence" as that term was defined in the policy. The Nebraska Supreme Court determined as a matter of first impression that faulty workmanship, standing alone, is not an occurrence under a CGL policy. *Id*.

Looking to the allegations of the underlying complaint, the *Home Pride Cos*. court noted that the owners alleged that Home Pride, through its subcontractor, negligently installed the shingles, which negligence caused the shingles to fall off and, as a consequence, damage the roof structures and buildings. Because more than just Home Pride's "work" was damaged, there was an "occurrence," and Auto-Owners owed a duty to defend the underlying complaint. Of import, the court also noted that "to the extent that Home Pride may be found liable for the resulting damage to the roof structures and the buildings, Auto-Owners is obligated to provide coverage." *Id*. at 539, 684 N.W.2d at 580. The court did not require indemnification for the cost incurred in replacing the shingles, which is consistent with its holding that a CGL policy does not provide coverage for faulty workmanship that damages only the resulting work product.

The decision by the *Home Pride Cos*. court does not discuss whether the insured denied that it was engaged in faulty workmanship and that issue appears irrelevant to the court in making its decision. Rather, the court looked to the allegations of the complaint to determine whether there was a duty to defend, and the court required indemnification only for the damage to the roof structure and buildings in the event Home Pride was held liable for the resulting damage.

[8] From *Auto-Owners Ins. Co. v. Home Pride Cos*., 268 Neb. 528, 684 N.W.2d 571 (2004), and *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006), we glean that when the allegations of the complaint support a conclusion that no insurance coverage exists, and in the absence of any other facts which would support an inference of coverage, an insurer has no duty to defend or indemnify an

insured. In the present action, the allegations of the complaint support a conclusion that the damage to the home was caused by faulty workmanship or a similar impropriety in Cizek's performance. According to *Auto-Owners Ins. Co. v. Home Pride Cos., supra*, this does not constitute an "occurrence" under the terms of the policy. While Cizek denied that it was negligent, no facts were presented that would support an inference that the damage was caused by an occurrence. Therefore, the district court erred when it determined that Columbia had a duty to indemnify Cizek for the costs incurred in repairing the Riekeses' home.

[9] Having determined that there was no occurrence, there can be no initial grant of coverage under the policy; therefore, it is unnecessary to address the application of the "Recall" exclusion. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Hall v. County of Lancaster*, 287 Neb. 969, 846 N.W.2d 107 (2014).

CONCLUSION

Under the facts of this case, we find that the property damage was not caused by an occurrence; therefore, we reverse the trial court's order of summary judgment in favor of Cizek and remand the cause with directions to enter an order granting summary judgment in favor of Columbia.

Reversed and remanded with directions.

---

In re Interest of Zoey S., a child
under 18 years of age.
State of Nebraska, appellee,
v. Jesse S., appellant.
___ N.W.2d ___

Filed September 9, 2014.    No. A-13-811.

1. **Juvenile Courts: Judgments: Appeal and Error.** Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. However, when the evidence is in conflict, the appellate court will consider and